UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In Re:        RICHARD V. MASON and
              JOLENE M. MASON,

                                              **DECISION AND ORDER**
                                              08-CV-613A

                        Debtors.

Pursuant to 28 U.S.C. § 158(a)(1), this case comes before the Court on

appeal from an Order of the United States Bankruptcy Court for the Western

District of New York (Bucki, C.J.), entered on June 20, 2008.  In its Order, the

Bankruptcy Court denied the Trustee's motion objecting to the debtors' claimed

exemption in the proceeds and avails of a certain annuity (the "Annuity") issued

on or about December 24, 2002 by Liberty Life Assurance Company of Boston,

bearing policy number NP3-023438.  The Annuity came into being as part of a

settlement of a personal injury action that the debtors had maintained.  The issue

on appeal is whether the two remaining payments (the "Payments") on the

Annuity are exempt from the debtors' bankruptcy estate.

The Trustee filed his appellant brief on August 29, 2008.  The debtors filed

their appellee brief on September 5, 2008.  This Court heard oral argument on

July 2, 2009.  For the reasons below, and after considering the arguments that

the parties have raised in their briefing and at oral argument, the Court decides

that the Payments are exempt and that the Order of the Bankruptcy Court should

be affirmed.

## BACKGROUND

This appeal concerns the Payments from the Annuity, an annuity contract established as part of a personal injury settlement. In 2001, the debtors commenced an action in New York State Supreme Court to recover damages from personal injuries that they allegedly sustained on or about June 11, 1999. On or around December 13, 2002, the debtors and the insurance carrier for the defendants in the state court action entered a settlement agreement. Among other terms, the settlement agreement provided for the establishment of the Annuity, purchased and maintained by the insurance carrier for the defendants. The Payments are the last two payments that the debtors are owed on the Annuity: one payment of $12,000 to be paid on January 5, 2013; and one payment of $18,727 to be paid on January 5, 2018.

On January 28, 2008, the debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The debtors claimed that the Payments were exempt from their bankruptcy estate since they were proceeds and avails of an annuity contract pursuant to Section 282 of New York's Debtor and Creditor Law. The Trustee subsequently made a motion before the Bankruptcy Court to object to the claimed exemption. The Trustee argued then and maintains now on appeal that the Payments cannot qualify for exemption because the Annuity itself is not part of the bankruptcy estate. Additionally, the Trustee argued that at most, the debtors might qualify for a limited exemption of

$7,500 under Section 282(iii)(3)(iii) of the Debtor and Creditor Law.  In opposition to the Trustee's motion, the debtors argued then and maintain now on appeal that, regardless of ownership of the Annuity's contract itself, the Payments constitute "proceeds and avails" of an annuity contract under Debtor and Creditor Law § 282(ii) and are thus fully exempt.  The Bankruptcy Court denied the Trustee's motion in its entirety.  This appeal followed.

## DISCUSSION

The debtors' right to collect the Payments necessarily constitutes an asset that falls within the bankruptcy estate.  With exceptions not relevant here, a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1); *see also Regan v. Ross*, 691 F.2d 81, 83 (2d Cir. 1982) (holding that Section 541 "reflects a congressional intent to include( ) as property of the estate all property of the debtor, even that needed for a fresh start") (internal quotation marks and citation omitted).  Under the terms of the settlement of the personal injury action in state court, the insurance company for the defendants had an obligation to establish the Annuity and the Payments.  The terms of the settlement agreement therefore gave the debtors a right to seek the Payments.  Although the parties appear to contest the exact nature of that right, they do not contest that the debtors have some kind of right that will enable them to receive the Payments at the scheduled times.  In fact, that right likely would be enforceable in court if the Payments do

not occur as scheduled.  The debtors' right to the Payments thus is a legal or equitable interest within the meaning of the Bankruptcy Code.

The debtors properly exempted their right to the Payments under the plain language of the applicable state statutes.  Pursuant to 11 U.S.C. § 522(b)(3)(A), New York has decided to substitute its own list of bankruptcy exemptions for the default list found in the Bankruptcy Code.  *See* N.Y. Debt. & Cred. Law § 282. Section 282 explicitly exempts from a bankruptcy estate "annuity contracts and *the proceeds and avails thereof* as provided in section three thousand two hundred twelve of the insurance law."  *Id.* § 282(ii) (emphasis added).  The debtors' right to the Payments, therefore, need not include ownership of the Annuity itself, so long as Section 3212 of the New York Insurance Law addresses it in its present form.  Section 3212 of the Insurance Law, in turn, explicitly states that "[t]he benefits, rights, privileges and options which, under any annuity contract are due or prospectively due the annuitant, who paid the consideration for the annuity contract, shall not be subject to execution."  N.Y. Ins. Law § 3212(d)(1).  The parties do not appear to dispute that debtor Richard Mason is the annuitant under the Annuity.  The parties further do not appear to dispute that the debtors paid valuable consideration for the right to the Payments when they gave up their right to continue their personal injury litigation in state court.  *Cf. In re Tappan*, 277 B.R. 491, 492 (Bankr. W.D.N.Y. 2002) ("By reason of her execution of a release of claims arising from a personal injury, [the debtor] paid

4

consideration for the annuity contract of which she is a beneficiary.")  There can

be no reasonable dispute that the debtors' right to the Payments is a right owed

to them under an annuity contract, regardless of who owns that contract.

Consequently, the plain language of Insurance Law § 3212(d)(1) places the

debtors within the exemption provision of Section 282(ii) of the Debtor and

Creditor Law.  *Cf. In re Keating*, No. 04-87159, 2006 WL 2690239, at *3

(E.D.N.Y. Sept. 18, 2006) ("Section 3212(d)(1) provides that payments under an

annuity contract are exempt from execution.").  *In re Constantino*, 274 B.R. 580

(Bankr. N.D.N.Y. 2002), which analyzed a different subsection under Section 282,

does not require a different conclusion.  The Court need not address any other

arguments raised by the parties since the plain language of Section 282(ii) of the

Debtor and Creditor Law suffices to resolve this appeal.  *See Robinson v. Shell*

*Oil Co.*, 519 U.S. 337, 340 (1997) ("Our first step in interpreting a statute is to

determine whether the language at issue has a plain and unambiguous meaning

with regard to the particular dispute in the case.  Our inquiry must cease if the

statutory language is unambiguous and the statutory scheme is coherent and

consistent.") (internal quotation marks and citations omitted).  The debtors thus

have claimed correctly that their right to the Payments is entirely exempt from

their bankruptcy estate.

**CONCLUSION**

For the foregoing reasons, the Order of the Bankruptcy Court is affirmed.


SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 14, 2009